IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EDWARD SMART,

    Plaintiff,

  vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:16-CV-1145-CMK

MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 13) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on August 6, 2012. In the application, plaintiff claims that disability began on March 1, 2007. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 16, 2014, before Administrative Law Judge ("ALJ") Peter F. Belli. In a November 17, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): hepatitis C with stage four cirrhosis, peripheral neuropathy, obesity, coronary artery disease, cognitive disorder, mood disorder, and chronic pain;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work; the claimant can lift and/or carry ten pounds occasionally and twenty pounds occasionally[1]; can sit for eight hours in an eight-hour day; requires a change of position to alternate sitting and standing every thirty to forty minutes without leaving the workstation; can stand and/or walk for six hours in an eight-hour day; can occasionally walk on rough terrain; cannot endure prolonged standing or walking; cannot climb ladders, ropes, or scaffolds; cannot work at unprotected heights or around moving machinery; can receive, carry out, and remember simple instructions; can occasionally receive, carry out and remember detailed instructions; can receive, carry out, and remember complex instructions on a less than occasional basis; can frequently interact with supervisors, coworkers, and the public; can adjust to simple changes in workplace environment; and can make simple workplace adjustments; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on March 23, 2016, this appeal followed.

/ / /

/ / /

---

[1] The court presumes ten pounds frequently and twenty pounds occasionally.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ failed to properly evaluate the medical opinions; (2) the ALJ improperly found his testimony not credible; and (3) due to these errors, the remainder of the ALJ's sequential analysis is flawed.

/ / /

/ / /

### A. Evaluation of Medical Opinions

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any

conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

Plaintiff argues that the ALJ erred with respect to the opinions of Drs. Dossey and Cormier.

1. Dr. Dossey

As to Dr. Dossey, the ALJ stated:

> Consultative physician, Brian Dossey, M.D., opined that the claimant could lift and/or carry ten pounds frequently and twenty pounds occasionally, could not climb, could frequently balance, stoop, kneel, crouch, and/or crawl, could frequently reach, handle, finger, and/or feel, must avoid working at heights, around heavy machinery, and exposure to chemicals (Ex. B6F). Dr. Dossey's opinion is persuasive because it is based on a physical examination and it is consistent with the record as a whole. Thus, Dr. Dossey's opinion is given considerable weight.
>
> However, Dr. Dossey further opined that the claimant could sit, stand, and/or walk for four hours in an eight-hour day (Ex. B6F). This portion of Dr. Dossey's opinion is given little weight because it is unsupported by any other evidence and appears to rely quite heavily on the claimant's subjective complaints.

Plaintiff argues the ALJ improperly rejected Dr. Dossey's stand/walk/sit limitations. As to the ALJ's conclusion that the doctor's assessed limitations were not supported by any other evidence, plaintiff argues: "Not so." Plaintiff also alleges that the ALJ "did not discredit and/or discuss Dr. Dossey's finding Mr. Smart with fatigue." Finally, plaintiff states that the ALJ "does nothing to deny the fact that Mr. Smart has neuropathic pain as found by Dr. Dossey and others."

The court finds no error with respect to neuropathic pain. While plaintiff is correct that the ALJ "does nothing to deny" neuropathic pain given that the ALJ expressly lists peripheral neuropathy and chronic pain as severe impairments, plaintiff has not presented evidence concerning the limitations these impairments pose on his ability to work. The court is similarly unpersuaded by plaintiff's argument relating to the ALJ's analysis of Dr. Dossey's sit/stand/walk limitations. Finally, as with neuropathic pain and sit/stand/walk limitations,

Spokane, Washingtonplaintiff has identified no evidence relating to fatigue (other than Dr. Cormier's opinion, discussed below).

### 2. Dr. Cormier

As to Dr. Cormier, the ALJ stated:

> Consultative psychologist, Sid Cormier, Ph.D., opined that the claimant had serious impairment in his ability to perform complex, detailed, and simple, repetitive tasks, had serious impairment in his ability to maintain regular attendance and perform simple work activities on a consistent basis, would not require special supervision, had serious limitations in his ability to complete a normal workday and/or workweek, had moderate limitations in his ability to accept instruction from supervisors, could interact appropriately with coworkers and supervisors, could tolerate routine work stressors, had significant limitations in his ability to maintain concentration, persistence, and pace, could decompensate in a competitive work setting, and is incapable of functioning outside a moderately supervised situation (Ex. B5F). Dr. Cormier's opinion is unpersuasive because it is unsupported by any other evidence. Thus, Dr. Cormier's opinion is given little weight.

Plaintiff argues that the ALJ erred by not discussing the evidence relied on by Dr. Cormier, specifically Dr. Dossey's report. According to plaintiff, Dr. Cormier's opinions must be credited because the ALJ "failed to build a bridge between any evidence of record and his conclusory opinion of little weight. . . ."

The court does not agree. It is not the ALJ's function to present evidence of disabling limitations on work function. That responsibility lies with plaintiff and he failed to do so in this case with respect to the extreme limitations opined by Dr. Cormier. Notably, as discussed in the ALJ's decision, Drs. Bilik and Baily provided much less limiting assessments of plaintiff's mental capabilities (as did Drs. Mitgang and Jaituni with respect to plaintiff's physical limitations).

/ / /

/ / /

/ / /

/ / /

**B.    Credibility Assessment**

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). The Ninth Circuit has repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"). Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See Burch v.

Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

As to plaintiff's credibility, the ALJ stated:

> The claimant's allegations of severe cardiac impairment are not credible, to the extent alleged. For example, echocardiogram studies revealed very mild left arterial enlargement, mild left ventricular hypertrophy, and normal left ventricular function with an estimated ejection fraction of 65% (Ex. B1F/36). Stress echocardiogram studies revealed no evidence of ischemia (Ex. B2D/14). Medical records also show that the claimant denied chest pain, shortness of breath, and palpitations (Ec. B4F/19).
>
> The claimant's allegations of neuropathic pain are partially supported by the medical records. For example, physical examination revealed sensory deficits in the lower extremities (Ex. B6F/6). However, physical examination also revealed intact muscle bulk, tine, and strength in the upper and lower extremities (Id.). Additionally, the claimant was able to walk into the examination room without difficulty, sat comfortably, and can get onto and off the examination table without difficulty (Ex. B6F/4). Recent medical records also characterized the claimant's impairment as stable and that he had no new numbness or weakness (Ex. B16F/2).
>
> The claimant's allegations of severe liver impairment are not credible, to the extent alleged. For example, abdominal ultrasound studies revealed no discrete hepatitic masses and a normal pancreatic head (Ex. B13F/1).
>
> The claimant's allegations of impaired psychological functioning are not credible to the extent alleged. Other than primary care treatment, the record does not document any significant and/or continuing mental health care, counseling, or therapy. Moreover, the claimant's most recent list of medications also indicates that the claimant does not take any psychiatric based medications (Ex. B22F).

Plaintiff argues that the ALJ erred by failing to address his testimony regarding fatigue.

The court finds no error with respect to any of the areas of plaintiff's testimony specifically addressed by the ALJ, and plaintiff identifies none. Given that plaintiff's testimony in these areas were properly found not credible, the ALJ was entitled to reject all of plaintiff's testimony, including testimony regarding fatigue.

**C.** **<u>Remainder of Sequential Analysis</u>**

Because the court finds no error with respect to analysis of the medical opinions or plaintiff's credibility, plaintiff's argument as to the remainder of the ALJ's sequential analysis is unpersuasive.

9

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 13) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 19, 2017

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE